UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
BENTON DIVISION

| | |
|---|---|
| SUSAN HAHN-THOMPSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. |
| vs. | ) |
| | ) **JURY TRIAL DEMANDED** |
| JOHN BATSON DAVIS and | ) |
| C.R. ENGLAND, INC., | ) |
| | ) |
| Defendants. | ) |

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant C.R. England, Inc., for its Answer and Affirmative Defenses to Plaintiff Susan Hahn-Thompson's Complaint, states:

1. All allegations of fact and conclusions of law contained in Plaintiff's Complaint are denied, except those specifically admitted herein.

## Count I

Defendant C.R. England, Inc., for its Answer to Count I of Plaintiff's Complaint, states as follows:

2. Insofar as the allegations contained in Count I of Plaintiff's Complaint are not directed to Defendant C.R. England, Inc., Defendant does not address the same.

3. If any allegations contained therein are found to be directed to Defendant C.R. England, Inc., Defendant denies each and every allegation of fact and conclusion of law contained therein.

**WHEREFORE**, having fully responded to Count I of Plaintiff's Complaint, Defendant C.R. England, Inc. prays for an Order of the Court dismissing Plaintiff's Complaint with

prejudice, awarding Defendant its costs incurred herein, and for such other and further relief as this Court may deem just and proper.

## Count II

Defendant C.R. England, Inc., for its Answer to Count II of Plaintiff's Complaint, states as follows:

4. Defendant admits the allegations of fact contained in paragraphs 1, 3 and 5 of Count II of Plaintiff's Complaint.

5. Defendant denies the allegations of fact and conclusions of law contained in paragraphs 2, 4 (including all subparts), 6 and 7 of Count II of Plaintiff's Complaint.

**WHEREFORE**, having fully responded to Count II of Plaintiff's Complaint, Defendant C.R. England, Inc. prays for an Order of the Court dismissing Plaintiff's Complaint with prejudice, awarding Defendant its costs incurred herein, and for such other and further relief as this Court may deem just and proper.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense
### (Failure to State a Claim)

Plaintiff has failed to state a claim against Defendant C.R. England, Inc. upon which relief may be granted.

## Second Affirmative Defense
### (Independent, Intervening, Superseding, and/or Sole Cause)

Defendant C.R. England, Inc., for its Second Affirmative Defense, alleges upon information and belief, hypothetically and in the alternative, without admitting any of the allegations contained in Plaintiff's Complaint, as follows:

1. At the time and place alleged in Plaintiff's Complaint, Plaintiff's actions were an independent, intervening, superseding, and/or sole cause of the accident alleged in Plaintiff's Complaint, for which Defendant is neither liable nor responsible.

**WHEREFORE**, Defendant prays this Court to enter judgment in favor of Defendant C.R. England, Inc. due to Plaintiff's acts being an independent, intervening, superseding, and/or sole cause for the accident alleged in Plaintiff's Complaint or, in the alternative, for an appropriate reduction of Defendant's responsibility for the payment of damages that may be awarded to Plaintiff after a determination of the comparative fault among the parties.

## Third Affirmative Defense
### (Contributory Negligence/Comparative Fault)

Defendant C.R. England, Inc., for its Third Affirmative Defense, alleges upon information and belief, hypothetically and in the alternative, without admitting any of the allegations contained in Plaintiff's Complaint, as follows:

1. At the time and place alleged in Plaintiff's Complaint, it was then and there the duty of Plaintiff to exercise and use ordinary care for her own safety and the safety of others.

2. Notwithstanding that duty, upon information and belief, Plaintiff was negligent in one or more of the following respects:

   (a) Plaintiff failed to keep a proper lookout;

(b) Plaintiff failed to apply brakes so as to reduce the speed or to stop her motor vehicle to avoid a collision which was imminent and obvious to anyone maintaining proper lookout;

(c) Plaintiff failed to keep her motor vehicle under sufficient and proper control so that it could readily be stopped or reduced in speed;

(d) Plaintiff failed to turn her motor vehicle to avoid a collision;

(e) Plaintiff failed to keep a careful and diligent lookout ahead, behind, laterally and failed to pay proper attention to the operation and progress of surrounding traffic;

(f) Plaintiff failed to observe what was readily observable and obvious;

(g) Plaintiff failed to stop, swerve or slack in speed and sound a warning upon the first appearance of danger;

(h) Plaintiff stopped or significantly reduced speed suddenly and without notice or warning to other motorists;

(i) Plaintiff failed to keep a careful lookout and failed to keep her vehicle under control;

(j) Plaintiff acted in a manner when she knew, or should have known, in the exercise of reasonable care, that her actions would result in the alleged collision;

(k) Plaintiff failed to yield the right of way; and/or

(l) Plaintiff acted in manner that was otherwise careless, reckless and negligent in the operation of her vehicle.

3. One or more of the aforesaid acts of negligence of Plaintiff were a proximate and contributing cause of the accident and/or injuries alleged in Plaintiff's Complaint, and therefore, a proximate cause of her own injuries and damages, if any.

4. In the event of an adjudication of the issues in this case, whereby Plaintiff's contributory fault is adjudged to be more than 50% of the proximate cause of the injuries for which she now seeks recovery from Defendant, Plaintiff's claims should be barred.

5. Alternatively, in the event of an adjudication of the issues in this case, whereby Plaintiff's contributory fault is adjudged 50% or less of the proximate cause of the injury or damage for which recovery is sought, Defendant requests a determination of comparative fault among the parties, and for an appropriate reduction of Defendant's responsibility for the payment of damages that may be awarded to Plaintiff.

**WHEREFORE**, Defendant C.R. England, Inc. prays this Court to enter judgment in favor of Defendant due to Plaintiff's negligence being greater than 50% at fault for causing the accident alleged in Plaintiff's Complaint or, in the alternative, for an appropriate reduction of Defendant's responsibility for the payment of damages that may be awarded to Plaintiff after a determination of the comparative fault among the parties.

**Fourth Affirmative Defense**
**(Failure to Mitigate Damages)**

Defendant C.R. England, Inc., for its Fourth Affirmative Defense, alleges upon information and belief, hypothetically and in the alternative, without admitting any of the allegations contained in Plaintiff's Complaint, that Plaintiff's damages and/or claims, if any, should be barred and/or reduced because she has failed to mitigate her alleged damages in one or more of the following respects:

(a) failing to use reasonable efforts to obtain and/or seek medical treatment and/or rehabilitation and/or employment;

(b) failing to use reasonable efforts to return to work;

(c) failing to secure timely medical attention;

(d) failing to exercise due care in obtaining medical care;

(e) acting in a manner which resulted in excessive medical treatment for her purported injuries; and/or

(f) treating pre-existing conditions.

**WHEREFORE**, Defendant C.R. England, Inc. prays this Court to enter judgment in favor of Defendant due to Plaintiff's failure to mitigate her damages, and for further relief as the Court deems proper under the circumstances.

### Fifth Affirmative Defense
### (Several Liability Pursuant to 735 ILCS 5/2-1117)

Defendant C.R. England, Inc., for its Fifth Affirmative Defense, alleges upon information and belief, hypothetically and in the alternative, without admitting any of the allegations contained in Plaintiff's Complaint and while continuing to deny same, as follows:

1. Pursuant to 735 ILCS 5/2-1117 should the trier of fact determine the fault of any Defendant (which any fault is hereby expressly denied by Defendant C.R. England, Inc.) to be less than 25% of the total fault attributable to Plaintiff, the Defendants sued by Plaintiff, and any third party defendant who could have been sued by Plaintiff, Defendant shall be severally liable for all non-medical and non-medically related damages whether in favor of Plaintiffs.

**WHEREFORE**, Defendant C.R. England, Inc. prays that in the event that it is found by the trier of fact to be less than 25% of the total fault for the accident that is the subject of Plaintiff's Complaint (which any fault is hereby expressly denied), that the Court order that

Defendant C.R. England, Inc. be severally liable for all non-medical and non-medically related damages of Plaintiffs.

## Sixth Affirmative Defense
### (Set-Off)

Defendant C.R. England, Inc., for its Sixth Affirmative Defense, alleges upon information and belief, hypothetically and in the alternative, without admitting any of the allegations contained in Plaintiff's Complaint and while continuing to deny same, as follows:

1. Defendant is entitled to set-off against any adverse judgment entered against it for the full amount/value of any money of in kind benefit paid in settlement before or after the initiation of this lawsuit, if any, by any alleged putative tortfeasor, joint or otherwise.

**WHEREFORE**, Defendant C.R. England, Inc. prays for a set-off and/or reduction of any judgment in favor of Plaintiff as to the full amount/value of any money of in kind benefit paid in settlement before or after the initiation of this lawsuit, if any, by any alleged putative tortfeasor, joint or otherwise.

## Seventh Affirmative Defense
### (Incorporation of Further Affirmative Defenses)

Defendant C.R. England, Inc. incorporates herein by reference each and every further affirmative defense identified and/or made known through discovery.

*/s/ Kevin L. Fritz*
Kevin L. Fritz            #6295633
Rodney D. Fourez        #6322520
LASHLY & BAER, P.C.
714 Locust Street
St. Louis, MO  63101
(314) 621-2939 (Telephone)
(314) 621-6844 (FAX)

20 East Main Street
Belleville, IL  62220-1602
(618) 233-5587 – Telephone
klfritz@lashlybaer.com
rfourez@lashlybaer.com

Attorneys for Defendant C.R. England, Inc.

## CERTIFICATE OF SERVICE

    The undersigned certifies that the foregoing was filed electronically with the Clerk of Court on June 18, 2020, to be served by operation of the Court's electronic filing system upon: Christopher A. Koester, Kristen M. Flood, Taylor Law Offices, PC, 122 East Washington Avenue, Effingham, IL 62401, Attorneys for Plaintiff.



    */s/ Kevin L. Fritz*